IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| JOHNNY RAY FRANKLIN and<br>CYNTHIA LYNN FRANKLIN,<br><br>Plaintiffs, | ) | |
| v. | ) | No. 2:09-CV-268 |
| DOMETIC CORPORATION,<br>GULF STREAM COACH, INC., and<br>SUNCOAST RV, INC.,<br><br>Defendants. | ) | |

**MEMORANDUM OPINION**

This diversity action is now before the court on the "Motion of Defendant Gulf Stream Coach, Inc. ["Gulf Stream"] to Dismiss the Complaint or, Alternatively, to Transfer" [doc. 7]. Plaintiffs have responded in opposition to the motion [docs. 12, 13], as has defendant/counterclaimant/crossclaimant Suncoast RV, Inc. ("Suncoast") [doc. 14]. The motion is ripe for the court's consideration and for the reasons that follow will be denied.

I.

*Background*

According to the complaint, in 2006 plaintiffs purchased a Gulf Stream motor home from Suncoast's Louisville, Tennessee dealership. Within a year, the vehicle was consumed by fire. Plaintiffs blame that event on the motor home's refrigerator, which was manufactured by defendant Dometic Corporation and installed by Gulf Stream.

The complaint identifies plaintiffs as citizens of Tennessee; Dometic and Gulf Stream as Indiana corporations; and Suncoast as a Florida corporation doing business in Tennessee. While the complaint alleges fault by Dometic and/or Gulf Stream in the manufacturing process, the *location* of those defendants' factories is not alleged. As indicated above, Suncoast has filed a counterclaim against both plaintiffs, along with indemnity crossclaims against its codefendants.

II.

*Analysis*

By its motion, Gulf Stream

> moves the Court to dismiss the Complaint for (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the defendants and (3) improper venue. Alternatively, [Gulf Stream] moves the Court, pursuant to FRCP 12(b)(3) and 28 USC § 1404(A) [sic], to transfer this action to the United States District Court for the Northern District of Indiana, South Bend Division, being the court division where the subject motor home was manufactured and where the plaintiffs have contractually agreed that any claim or dispute would be brought and maintained.

[Doc. 7, ¶ 1]. The court will address these points in turn.

A. Subject Matter Jurisdiction

Despite purporting to move for dismissal due to "lack of jurisdiction over the subject matter," Gulf Stream offers no further briefing or explanation regarding that theory. The issue is accordingly waived. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a

possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.") (citation omitted).

B. Personal Jurisdiction

Similarly, Gulf Stream purports to move for dismissal due to lack of personal jurisdiction "over the defendants" but does not explain that theory at all. The issue is waived.

C. Improper Venue

Gulf Stream seeks dismissal due to improper venue, citing forum selection provisions contained in the Limited Warranty form signed by plaintiffs. That document provides in material part,

> If a problem occurs which the owner thinks is covered by this Limited Warranty, the owner is responsible to contact Gulf Stream Coach, Inc. by certified mail, return receipt requested, giving notice of the problem(s) being experienced with the recreational vehicle. Such notice must be sent to the Director of Service, Gulf Stream Coach, Inc., P.O. Box 1005, Nappanee, Indiana 46550. . . .
>
> . . .
>
> Exclusive jurisdiction for deciding any claims, demands or causes of action for defects or representations of any nature or damages due from such defects or representations shall be in the courts in the State of Manufacture. The laws applicable to any litigation, dispute, mediation, arbitration or any claim whatsoever arising from the sale, purchase, or use of the recreational vehicle shall be those of the State of Manufacture.
>
> . . .

> I HEREBY ACKNOWLEDGE THAT I HAVE READ AND RECEIVED A COPY OF THE ABOVE WARRANTY FOR GULF STREAM COACH PRIOR TO ENTERING INTO ANY CONTRACT TO PURCHASE MY GULF STREAM RECREATIONAL VEHICLE AND AGREE TO ABIDE BY ALL OF ITS TERMS AND PROVISIONS INCLUDING, BUT NOT LIMITED TO, THE PROVISIONS HEREOF PROVIDING THAT THE EXCLUSIVE JURISDICTION FOR ANY CLAIMS WHATSOEVER SHALL BE IN THE COURTS IN THE STATE OF MANUFACTURE AND THAT THE APPLICABLE LAW SHALL BE THE LAW OF THE STATE OF MANUFACTURE.

[Doc. 7, ex. 1] (emphasis in original).

The Federal Rules of Civil Procedure authorize dismissal based on improper venue. *See* Fed. R. Civ. P. 12(b)(3). However, whether a forum selection clause should be enforced is a matter of *contract interpretation* rather than venue. *See Kerobo v. SW Clean Fuels*, 285 F.3d 531, 535-36 (6th Cir. 2002). Because venue in this court is proper under the pertinent statute, Rule 12(b)(3) is not the avenue for Gulf Stream to raise its forum selection clause argument. *See id.*; *Wong v. PartyGaming*, 589 F.3d 821, 830 (6th Cir. 2009).

A diversity action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(a)(2). The sale and subsequent destruction of plaintiffs' motor home (two central events in the complaint) occurred in this judicial district. Plaintiffs' chosen venue is thus not "improper," and relief is unavailable under Rule 12(b)(3).

D. Transfer

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other

district or division where it might have been brought." "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (citation and quotation omitted).

Gulf Stream asks the court to transfer venue to the Northern District of Indiana based on the forum selection provisions found in the Limited Warranty. For several reasons, that request must be denied.

First, the cited forum selection clause cannot be enforced based on the minimal record before the court. The warranty repeatedly references "the State of Manufacture" but does not identify what state that is, nor has Gulf Stream presented any proof on that point. In support of its position that its "manufacturing facility is located [in] Indiana," Gulf Stream cites only paragraph 4 of the complaint and the paragraph 6 of the Limited Warranty. *See* doc. 8, p.2. However, the complaint's fourth paragraph alleges only that Gulf Stream's *principal place of business* is in Indiana. It does not allege that plaintiffs' motor home was manufactured in that state.[1]

Nor is the sixth paragraph of the Limited Warranty any more instructive. That language, quoted above, proves only that Gulf Stream's Director of Service can be contacted through a Nappanee, Indiana post office box. Notice that Gulf Stream maintains an Indiana

[1] The court has no way of knowing whether Gulf Stream maintains only one plant and, if so, whether that plant is located in Indiana, or whether Gulf Stream instead has several plants in multiple states.

post office box is not notice to plaintiffs that their motor home was manufactured in that state.

Based on this lack of proof, 28 U.S.C. § 1404(a) is of no benefit to Gulf Stream. That statute allows the court to transfer a case to another district "where [the case] might have been brought." The court thus returns to § 1391(a)'s diversity venue provisions, none of which apply to Indiana on the present record. The three defendants in this case are not alleged to all be residents of Indiana, *see* 28 U.S.C. § 1391(a)(1); there is no allegation or proof that "a substantial part of the events or omissions giving rise to the claim occurred, or [that] a substantial part of property that is the subject of the action is situated," in Indiana, *see* 28 U.S.C. § 1391(a)(2); and, because venue is proper in this district, there no lack of a "district in which the action may otherwise be brought," *see* 28 U.S.C. § 1391(a)(3).

Even if Gulf Stream had presented proof regarding the motor home's place of manufacture, the request to transfer would still be denied. Forum selection clauses are considered "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *Moses v. Bus. Card Express*, 929 F.2d 1131, 1136 (6th Cir. 1991) (quoting *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972)). Courts should consider a number of case-specific factors, including the interests and convenience of the parties, the convenience of potential witnesses, and other public interest concerns such as "systemic integrity and fairness." *See Moses*, 929 F.2d at 1137. A forum selection clause is to be *considered* in light of those factors, and should

receive neither "dispositive consideration . . . nor no consideration." *Id.* at 1136 (quoting *Stewart*, 487 U.S. at 31).

On the limited record before the court, most of the above-cited factors do not weigh heavily in favor of Indiana or Tennessee. For some parties and witnesses, Indiana would likely be a more convenient venue. For others, Tennessee would likely be more convenient.

Ultimately, the overriding consideration in this case is the "public interest concern" of judicial economy. Suncoast, the seller of the motor home, did not sign the Limited Warranty paper and thus was not a party to the forum selection clause. More importantly, as pointed out by plaintiffs, it is not at all clear that the courts of Indiana would have personal jurisdiction over Suncoast (a Florida corporation), which is a defendant, crossclaimant, and counterclaimant in this case. It thus appears that a change of venue would mean that this case could not be tried in its entirety in a single court, necessitating a wholly avoidable duplication of judicial resources. "[P]iecemeal litigation should be discouraged, not only because it is antagonistic to the goals of public policy, but also because it is prejudicial to the rights of individual litigants." *Troxel Mfg. v. Schwinn Bicycle*, 489 F.2d 968, 970 (6th Cir. 1973).

The court further recognizes that a plaintiff's choice of its home forum is traditionally entitled to considerable deference. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981). For the reasons discussed herein, Gulf Stream's request for a change of

venue will be denied.[2]

III.

*Additional "Motions"*

Lastly, the court is compelled to briefly discuss two other filings in this case - "Suncoast RV, Inc.'s Answer, *Motion to Dismiss*, Counterclaims and Crossclaims" [doc. 9] (emphasis added) and "Gulf Stream Coach Inc.'s Motion to Dismiss or, Alternatively, to Transfer the Cross-Claim of Suncoast RV Inc. *and Answer Thereto*" [doc. 10] (emphasis added). Each of these documents combines a motion with a pleading. Such filings will not be considered by this court. A motion must be filed as a separate, freestanding document. In addition, the court notes that Suncoast's "motion" is not accompanied by any supporting argumentation whatsoever. For that reason alone, Suncoast's "motion" would be denied.

An order consistent with this opinion will be entered.

ENTER:

s/ Leon Jordan
United States District Judge

---

[2] Gulf Stream cites three cases from the district courts of Tennessee in which the forum selection clause at issue was enforced, but each of those cases is distinguishable. In *Ensminger v. Gulf Stream Coach*, No. 1:99-cv-363, slip op. (E.D. Tenn. Apr. 17, 2000) (Chief Judge Edgar), there was affirmative proof that the motor home was manufactured in Indiana. In *Hatchett v. Bankston Motor Homes*, No. 01-2009 G, slip op. (W.D. Tenn. Aug. 31, 2001) (Judge Gibbons), the state of manufacture was apparently not in dispute, and neither the plaintiffs nor the codefendant raised any objection to transfer. In *Palmer v. Gulf Stream Coach*, No. 1:06-cv-118, slip op. (E.D. Tenn. July 12, 2006), the issue was before Judge Mattice on a joint motion to transfer signed by counsel for all parties.